UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN JUAN ELESTER,

Petitioner,

v.

WARDEN OF CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,

Respondents.

Case No. 1:26-cv-03801-JLT-HBK (HC)

FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS IN PART[1]

(Doc. 1)

FIVE-DAY OBJECTION PERIOD

Petitioner Juan Juan Elester, an immigration detainee in U.S. Immigration and Customs Enforcement ("ICE") custody at the Mesa Verde Detention Facility in Bakersfield, California, proceeds pro se petition on his petition for writ of habeas corpus under 28 U.S.C. § 2241 filed on May 18, 2026. (Doc. 1, "Petition"). The Petition alleges that Petitioner's detention without a bond hearing violates his due process rights. (*Id.* at 2). Petitioner seeks immediate release, or alternatively, a bond hearing before an Immigration Judge ("IJ"). (*Id.* at 17).

Respondents contend that: (1) the Petition should be dismissed as an abuse of the writ because Petitioner previously filed a habeas petition raising the same claims, which was denied

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

(Doc. 6-3, *Elester v. Warden, Krome Processing Center*, Case No. 26-22916-CIV-SINGHAL (S.D. Fl. Apr. 29, 2026)); and (2) the Petition should be denied on the merits because Petitioner is an "applicant for admission" who is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and the "due process claims of applicants for admission are coextensive with the applicable detention statute." (Doc. 6). Petitioner did not reply, and the deadline to do so has passed. (*See* docket).

Petitioner is a citizen of Guatemala a who entered the country without inspection and has resided in the United States for 18 years before being apprehended and placed in standard removal proceedings under § 1229a. For the reasons below, the undersigned recommends granting the Petition in part.

## I. BACKGROUND

Petitioner, a citizen and native of Guatemala, entered the United States without inspection at an unknown date and time and has lived in the United States for approximately 18 years. (Doc. 1 at 5-6; Doc. 8-1 at 2). On May 4, 2025, an ICE detainer was placed on Petitioner after his arrest for driving with a suspended license. (Doc. 6-1 at 2). On September 29, 2025, Petitioner was detained by ICE and the U.S. Citizenship and Immigration Services ("USCIS") issued a Notice to Appear charging Petitioner as subject to removal pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) (alien entry without inspection) and U.S.C. § 1182(a)(7)(A)(i)(I) (alien not in possession of valid entry document). (Doc. 6-1, 6-2).

On April 29, 2026, the assigned district judge in the United States District Court for the Southern District of Florida found Petitioner's detention was lawful under 8 U.S.C. § 1225(b)(2) and did not violate his due process rights, denied habeas relief, and closed the case. (Doc. 6-3). Petitioner filed the instant habeas petition on May 18, 2026. (Doc. 1).

Petitioner remains detained in ICE custody at the Mesa Verde Detention Center. (Doc. 1).

## II. APPLICABLE LAW AND ANALYSIS

A district court may grant habeas relief to a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). District courts retain jurisdiction over habeas challenges to immigration detention that are "sufficiently

independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018).

A. Abuse of the Writ

The common law abuse of the writ doctrine limits successive petitions by generally precluding claims that could have been raised in a prior petition. *See McCleskey v. Zant*, 499 U.S. 467, 479 (1991); *Mullins v. Horel*, 2008 WL 3244341, at *2 (E.D. Cal. Aug. 7, 2008), *report and recommendation adopted*, 2008 WL 4299319 (E.D. Cal. Sept. 12, 2008). Although the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes restrictions on second or successive habeas petitions under 28 U.S.C. 2254, those restrictions do not apply to petitions brought under § 2241. *See Barapind v. Reno*, 225 F.3d at 1100, 1110 (9th Cir. 2000); *see also Mendoza v. Warden, California City Corr. Ctr.*, 2026 WL 1481759, at *2 (E.D. Cal. May 27, 2026).

Regardless, the Ninth Circuit recognized that a succeeding habeas petition filed pursuant to § 2241 may still be subject to dismissal under the common law abuse of the writ doctrine. *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). Under the abuse of the writ doctrine, a petitioner raising a claim that was or could have been raised previously must show either cause and prejudice or that declining to consider the claim would result in a fundamental miscarriage of justice. *Id*. at 1049. The government must first plead abuse of the writ "with clarity and particularity," at which point the burden then shifts to the petitioner to disprove abuse. *McCleskey*, 499 U.S. at 494-95.

Respondents have not met that burden. They generally argue that the Petition "raises the same issues that were conclusively decided (or could have been conclusively decided) in the prior petition," without identifying with particularity the claims asserted or explaining by the intervening authority does not permit reconsideration. (*See* Doc. 6 at 3). In Petitioner's prior habeas proceeding, relief was denied, in relevant part, because Petitioner entered the country without inspection and is therefore an "applicant for admission" subject to detention under § 1225(b)(2) without a bond hearing. (Doc. 6-3 (also finding Petitioner did not show the length of

his detention was a violation of due process)). After that decision, however, both the Eleventh Circuit and the Ninth Circuit rejected the relevant interpretation of § 1225(b)(2), holding that noncitizens, like Petitioner, who are apprehended in the interior are subject to discretionary detention under § 1226(a). *Rodriguez Vasquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. May 6, 2026).

This intervening authority materially changes the governing legal framework. As the assigned district judge recently held, declining to consider a successive petition under these circumstances would result in a "fundamental miscarriage of justice." *Medina v. Warden, Golden State Annex Det. Facility*, 2026 WL 2607609, at *2 (E.D. Cal. Sept. 3, 2026) (*citations omitted); see also Alexander L.C. v. Acting Dr., U.S. Immmigr. & Customs Enf't*, 2026 WL 2410043, at *2 (E.D. Cal. Aug. 18, 2026) ("controlling authority dictates a different outcome of Petitioner's claims than in the first filed Petition. To ignore [Ninth] Circuit precedent and to deny Petitioner relief would work a fundamental miscarriage of justice.").

Accordingly, the Petition is not barred by the abuse of the writ doctrine. The Court therefore turns to the merits Petitioner's claim for relief.

B. Merits

Petitioner argues his prolonged detention without bond hearing violates his due process rights. (Doc. 1 at 2). Respondents contend that Petitioner's detention is subject to mandatory detention under § 1225(b)(2) as an "applicant for admission" and his due process rights are only those available under the applicable detention statute. (Doc. 6 at 3-5 (citing *DHS v. Thuraissigiam*, 591 U.S. 103, 138-40 (2020)).[2]

As discussed *supra*, the Ninth Circuit recently held that noncitizens apprehended in the interior of the United States are subject to discretionary detention under 8 U.S.C. § 1226(a), rather

[2] In light of the Court's conclusion that the applicable detention is § 1226(a), it is unnecessary for the Court to consider the extent of due process rights accorded to detainees subject to mandatory detention under § 1226(b)(2). The Court notes the Ninth Circuit recently held that *Thuraissigiam* does not categorically foreclose a claim that prolonged mandatory detention under § 1225(b)(1)(B)(ii) without an individualized bond hearing violates due process under the Fifth Amendment. *See Padilla v. U.S. Immigration and Customs Enforcement*, No. 24-2801, ----F.4th ----, 2026 WL 2822044 (9th Cir. Sept. 21, 2026).

than mandatory detention under § 1225(b)(2)(A). *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026); *see also, e.g., Barbosa da Cunha v. Freden*, 175 F.4th 61 (2nd Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. May 6, 2026); *Moreno Vergel v. Chestnut*, 2026 WL 32848, at *3 (E.D. Cal. Jan. 6, 2026) (collecting cases in the Eastern District of California); *but see Buenrostro-Mendez v. Bondi*, 166 4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). It is undisputed that Petitioner entered without inspection at an unknown date and time and has lived in the United States for approximately 18 years. (Doc. 1 at 5-6; Doc. 8-1 at 2). Thus, the Court concludes that the discretionary framework of § 1226(a) governs Petitioner's detention, and his detention without a pre-deprivation hearing violated the Due Process clause of the Fifth Amendment. *See Escalona Rivero v. Mesa Verde ICE Processing Cntr*., No. 1:26-cv-4605-JLT-FJS, 2026 WL 2720921, at *2 (E.D. Cal. Sept. 15, 2026) (collecting cases).

In light of Petitioner's prior criminal convictions for driving under the influence of alcohol or drugs (Doc. 6-1 at 2), the Court recommends the appropriate remedy is a bond hearing where the government bears the burden of proving that Petitioner is a flight risk or danger to the community.

Accordingly, IT IS RECOMMENDED:

1. The Petition for Writ of Habeas Corpus (Doc. 1) be GRANTED in part**.**
2. If the district court adopts these Findings and Recommendations, the district court direct that within 48 hours of its Order, Respondents be directed to undertake an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.

**NOTICE OF EXPEDITED OBJECTIONS**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Given the recommendation to grant the petition in part, a party may file written objections with the Court within five (5) days of service of these Findings and Recommendations.** *Id*.; Local Rule 304(b) (permitting court to set a different time). The document should be captioned,

"Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: September 29, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE