**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN JUAN ELESTER,<br>Petitioner,<br>v.<br>WARDEN, et al.,<br>Respondents. | Case No.: 1:26-cv-03801-JLT-HBK (HC)<br>A-Number: 219-041-666<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AS MODIFIED, DENYING RESPONDENTS' MOTION TO DISMISS, AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART<br>(Docs. 1, 6, 7) |

Juan Juan Elester is an immigration detainee in U.S. Immigration and Customs Enforcement custody at the Mesa Verde ICE Processing Facility in Bakersfield, California, proceeding pro se on his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.)

On September 30, 2026, the assigned magistrate judge issued findings and recommendations to grant the Petition in part and require Respondents to provide Petitioner with a bond hearing. (Doc. 7.) The Court served the findings and recommendations on the parties and notified them that any objections were due in five days. (*Id.*) The parties were "advised that failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.* at 10, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Neither party has filed objections, and the deadline to do so has passed.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis with certain modifications. First, the Court agrees that the abuse of the writ doctrine does not bar this Petition even though on April 29, 2026, the Southern District of Florida found Petitioner's detention was lawful under 8 U.S.C. 1225(b)(2). (*See* Doc. 7 at 2.) As the magistrate judge explained (*id*. at 4), since that district court decision, both the Ninth and Eleventh Circuits have rejected the reasoning on which that ruling was based. *See Rodriguez Vasquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. May 6, 2026). As this Court has previously explained, declining to consider a successive petition under these circumstances would result in a "fundamental miscarriage of justice." *Medina v. Warden, Golden State Annex Det. Facility*, 2026 WL 2607609, at *2 (E.D. Cal. Sept. 3, 2026) (citations omitted).

The Court also agrees that Petitioner is entitled to relief on his due process claim, but for slightly different reasons than articulated by the magistrate judge. Of note, the Form I-213 prepared in connection with Petitioner's re-detention indicates that Petitioner had an approved Form I-601 (Application for Waiver of Grounds of Inadmissibility) dating to July 19, 2019. To grant such a waiver, DHS would necessarily have reviewed Petitioner's criminal history and other factors to determine if the waiver should be approved as a matter of discretion. *See Blandino-Medina v. Holder*, 712 F.3d 1338, 1342 (9th Cir. 2013) (explaining that under *Matter of Mendez–Moralez*, 21 I. & N. Dec. 296, 301 (BIA 1996), when evaluating a waiver of inadmissibility, the adjudicator "is required to balance the equities and adverse matters to determine whether discretion should be favorably exercised").[1] The Court finds that his successful I-601 application aligns Petitioner's situation more closely with those petitioners who were encountered by immigration authorities and later released on some form of supervision or parole prior to their re-detention. *See M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446, at *14

[1] *See also* USCIS, I-601, Application for Waiver of Grounds of Inadmissibility, available at https://www.uscis.gov/i-601 (last visited Oct. 13, 2026), related instructions available at: https://www.uscis.gov/sites/default/files/document/forms/i-601instr.pdf (last visited Oct. 13, 2026).

(E.D. Cal. Nov. 24, 2025) (finding detention of noncitizen whose humanitarian parole was revoked violated due process). Because such individuals were previously evaluated by immigration authorities to determine if they should remain in the community, that determination creates a sufficient liberty interest to shift the burden to the government to provide a justification for the re-detention. *See id*. * 14. Thus, though the Court agrees that a bond hearing is the appropriate remedy here considering Petitioner's driving under the influence convictions sustained since his I-601 waiver was approved, the Court will place the burden on Respondents in the bond hearing.

Thus, the Court **ORDERS**:

1. The findings and recommendations issued on September 30, 2026 (Doc. 7) are **ADOPTED** as modified.
2. Respondents' Motion to Dismiss (Doc. 6) is **DENIED**.
3. The petition for writ of habeas corpus (Doc. 1) is **GRANTED in part.**
4. Respondents are **ORDERED** to provide Petitioner (A Number: A-245-595-523) with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).
5. At least 72 hours before the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

6. Respondents **SHALL** provide a copy of this order to the immigration judge. In addition, Respondents **SHALL** ensure that the bond hearing is recorded.

7. The Clerk of Court is directed to serve the Mesa Verde ICE Processing Facility in Bakersfield, California, with a copy of this Order.

8. The Clerk of the Court is directed to terminate any pending motions/deadlines, enter judgment for Petitioners, and close this case.

IT IS SO ORDERED.

Dated: October 13, 2026

Jennifer L. Thurston

UNITED STATES DISTRICT JUDGE